**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 12 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ORLANDO SALVADOR GONZALEZ, | No. 16-72633 |
| Petitioner, | Agency No. A073-895-785 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020**

Before:     FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Orlando Salvador Gonzalez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his applications for asylum,

withholding of removal, and cancellation of removal. Our jurisdiction is governed

by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review for abuse of discretion the denial of a motion to remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Gonzalez failed to establish that the attempted recruitment by guerrillas rose to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (persecution is an "extreme concept" that includes the "infliction of suffering or harm" (citation omitted)). Substantial evidence also supports the agency's conclusion that Gonzalez failed to establish he would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Gonzalez's asylum and withholding of removal claims fail.

We lack jurisdiction to review the agency's denial of cancellation of removal because Gonzalez raises no colorable legal or constitutional claim. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929-30 (9th Cir. 2005) (the court's jurisdiction over challenges to the agency's discretionary hardship determination is limited to constitutional claims or questions of law).

The BIA did not abuse its discretion in concluding that remand was not warranted. *See Movsisian*, 395 F.3d at 1098 (the BIA abuses its discretion if it acts arbitrarily, irrationally, or contrary to law). We do not consider new facts referenced in the opening brief. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc) (this court's review is limited to the administrative record).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**